**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HELEN WATHAN, JAMES F. WATHAN, and as surviving heirs of JAMES WATHAN, JR., deceased,<br><br>        Plaintiffs,<br><br>   v.<br><br>MERCED COUNTY SHERIFF, MARK N. PAZIN, MERCED COUNTY DEPUTY SHERIFFS WILLIAM BLAKE, JOHN McKNIGHT, and RUSS SHARROCK, AND DOES 6-100, Inclusive,<br><br>        Defendants. | CV F 05-1609 AWI DLB<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY ORDER OF THE COURT OR TO PROSECUTE THE CASE**<br><br>Doc. # 25 |

      This is a civil rights action for damages against defendants Merced County Sheriff, et al. ("Defendants") by the estate of James Wathan and surviving heirs, plaintiffs Helen and James Wathan ("Plaintiffs"). On August 25, 2006, Defendants filed a motion to compel discovery following the failure of Plaintiffs to adequately respond to interrogatories and a request for production of documents. The motion to compel discovery was granted by the Magistrate Judge on October 10, 2006. In the instant motion, Defendants move to dismiss the action for failure to cooperate in discovery pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, or, in the alternative, for failure to prosecute the case or to comply with the rules or an order of the court pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure.

No opposition to Defendants' motion to dismiss has been filed as of the date of this order. Oral argument on Defendants' motion, which was scheduled to be held December 18, 2006, was vacated and the matter was taken under submission on December 13, 2006. On December 14, 2006, a letter from Plaintiffs' attorney to the Magistrate Judge was filed. That letter stated, in pertinent part:

> We wish to apologize to the Court and counsel for an apparent miscommunication in the [instant action.] Our office did belatedly furnish all discovery responses to defense counsel, and our plaintiffs have given every effort they could in getting the necessary information to us for that purpose. We had hoped the motion could have been withdrawn. ¶ However, we have since been advised by defense counsel of numerous deficiencies he perceived in our responses. We would request that the Court allow us to set up a personal conference to discuss these issues and arrive at an agreeable solution, with the court's aid.

Doc. # 27.

The court has communicated with the Magistrate Judge and has determined there has been no further communication or proceeding by Plaintiffs with the court since the December 14 letter. Defendants also allege that no discovery has been undertaken by Plaintiffs as of the filing of their motion to dismiss.

A court is permitted to impose the drastic sanction of dismissal or default under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure only in "extreme circumstances" where the violation is "due to willfulness, bad faith, or fault of the party." In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir.1996). Public policy favors disposition of cases on their merits. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Thus, the court is reluctant to impose terminating sanctions for violation of a discovery order where there is some assertion that the failure to comply was not willful. In a similar vein, although the court may, pursuant to Rule 41(b), dismiss an action for failure of a party to prosecute its case, the court is likewise disinclined to take such a drastic measure where there appears to be an effort to move the case forward.

Notwithstanding the foregoing, the court must now caution Plaintiffs that they must henceforth comply fully with all court orders, all deadlines imposed by the court, and with applicable local rules or risk termination of this action.  In particular, Plaintiffs must respond to Defendants' Motion to Dismiss in a manner consistent with applicable Local Rules, particularly Local Rules 5-130, 7-131, 5-133, 5-135, and 78-230.   Failure to oppose Defendants motion by the deadline imposed by this order will result in termination of Plaintiff's case with prejudice.

THEREFORE, it is hereby ORDERED that Plaintiffs shall file and serve opposition or statement of non-opposition to Defendants' Motion to Dismiss not later than fourteen days (14) days from the date of service of this order.  In their opposition, Plaintiffs shall show cause why Defendants' motion to dismiss for failure to comply with court orders or failure to prosecute the case should not be granted.  Defendants may file a reply not later than 21 days from the date of service of this order.

IT IS SO ORDERED.

**Dated:   January 23, 2007**            **/s/ Anthony W. Ishii**
0m8i78                                                     UNITED STATES DISTRICT JUDGE

3