**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HELEN WATHAN, JAMES F. WATHAN, and as surviving heirs of JAMES WATHAN, JR., deceased,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>MERCED COUNTY SHERIFF, MARK N. PAZIN, MERCED COUNTY DEPUTY SHERIFFS WILLIAM BLAKE, JOHN McKNIGHT, and RUSS SHARROCK, AND DOES 6-100, Inclusive,<br><br>　　　　Defendants. | CV F 05-1609 AWI DLB<br><br>MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 37(b)(2)(C), OR RULE 41(b)<br><br>Doc. # 25 |

　　　　This is a civil rights action for damages against defendants Merced County Sheriff, et al. ("Defendants") by the estate of James Wathan and surviving heirs, plaintiffs Helen and James Wathan ("Plaintiffs"). On October 31, 2006, Defendants filed a motion to dismiss pursuant to Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure for failure to cooperate in discovery, or, in the alternative, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute the case or to comply with the rules or an order of the court. On January 24, 2007, following failure of Plaintiff to adequately respond to Defendants' motion, this court filed an order to show cause why Defendants' motion to dismiss should not be granted.

Plaintiffs filed their opposition to Defendants' motion to dismiss on February 2, 2007. Plaintiffs allege past misunderstandings concerning discovery have been, or are being addressed and that the case is proceeding as it should. On February 13, 2007, Defendants filed their reply to Plaintiffs' opposition. Defendants' reply alleges Plaintiffs failed to adequately explain their failure to comply with discovery requirements. Defendants also point to a number of unresolved discovery issues and requests for authorization of records that Defendants allege have gone unanswered. The court notes that on February 22, 2007, Defendants filed a motion before the Magistrate Judge to compel discovery responses and for monetary sanctions. Defendants request that, in the event this court denies Defendants' motion to dismiss, the court assess monetary sanctions against Plaintiffs for expenses resulting from Plaintiffs' lack of cooperation in the discovery process.

As pointed out in this court's order to show cause:

> A court is permitted to impose the drastic sanction of dismissal or default under Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure only in "extreme circumstances" where the violation is "due to willfulness, bad faith, or fault of the party." In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir.1996). Public policy favors disposition of cases on their merits. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Thus, the court is reluctant to impose terminating sanctions for violation of a discovery order where there is some assertion that the failure to comply was not willful. In a similar vein, although the court may, pursuant to Rule 41(b), dismiss an action for failure of a party to prosecute its case, the court is likewise disinclined to take such a drastic measure where there appears to be an effort to move the case forward.

Doc. # 30 at 17-26.

While the information before the court indicates Plaintiffs have been dilatory and perhaps negligent in their compliance with the discovery process, the court does not find there is compelling evidence of bad faith or wilfulness at this point. Further, the disinclination of the court to apply terminating sanctions that preclude resolution of the case on the merits supports a progressive approach to sanction for abuse of the discovery process. Absent clear indications of bad faith or wilful non-compliance, the court is inclined to proceed first with consideration of appropriate monetary sanctions, and to impose terminating

sanctions later if the court finds there is continued and blatant non-compliance by Plaintiffs.

The court also notes that it is somewhat removed from the discovery process and so is in a relatively less advantageous position to assess the compliance or lack of compliance of parties during the discovery process than is the Magistrate Judge.  The court therefore directs any party that may file further motions for sanctions, whether monetary or terminating, based on allegation of non-compliance with discovery orders, to direct such motions to the Magistrate Judge.  Should any further motion for sanctions based on abuse of discovery request termination of issues or of the action, the Magistrate Judge shall prepare findings of fact and recommendations of law.

Defendants' instant motion to dismiss requests monetary sanction in the alternative in the event the court denies the motion to dismiss.  The court will deny Defendants' request for monetary sanctions without prejudice and directs Defendants to file an additional motion for monetary sanctions with the Magistrate Judge if Defendants' pending motion for monetary sanctions is not inclusive of the amount of compensation Defendants would request in connection with the instant motion.  In denying Defendants' request for monetary sanctions without prejudice, the court expresses no opinion as to whether monetary sanctions are warranted.

THEREFORE, in consideration of the foregoing discussion, Defendants' motion to dismiss the action is DENIED.  Defendants motion in the alternative for monetary sanctions is DENIED without prejudice.

IT IS SO ORDERED.

**Dated:   February 27, 2007**           /s/ Anthony W. Ishii
0m8i78                                    UNITED STATES DISTRICT JUDGE

3