1  James D. Weakley, Esq.          Bar No. 082853
   James J. Arendt, Esq.           Bar No. 142937
2  Lara Z. Moriarty, Esq.          Bar No. 242318

3      THE LAW FIRM OF
       WEAKLEY, RATLIFF,
4      ARENDT & McGUIRE, LLP
       1630 East Shaw Avenue, Suite 176
5         Fresno, California  93710

6       Telephone: (559) 221-5256
        Facsimile:  (559) 221-5262
7
   Attorneys for Defendants, Sheriff Mark Pazin, Undersheriff William Blake,
8  Deputies Doug Hays, Jon McKnight and Russ Sharrock

9                    UNITED STATES DISTRICT COURT

10                   EASTERN DISTRICT OF CALIFORNIA

11

12  HELEN WATHAN, JAMES F. WATHAN,   )  CASE NO.  1:05-CV-01609 AWI DLB
    and as surviving heirs of JAMES WATHAN,  )
    JR., deceased.                            )
13                                            )  **STIPULATED PROTECTIVE ORDER**
                                              )  **RE: PHOTOGRAPHS OF DECEDENT**
14         Plaintiffs,                        )  **JAMES WATHAN, JR. TAKEN BY OR**
                                              )  **AT THE DIRECTION OF DR. STEPHEN**
15       vs.                                  )  **AVALOS AT PATHOLOGY ASSOCIATES**
                                              )
16  MERCED COUNTY SHERIFF, MARK N.            )
    PAZIN, MERCED COUNTY DEPUTY               )
17  SHERIFF WILLIAM BLAKE, DEPUTY             )
    JOHN MCKNIGHT, AND DEPUTY RUSS            )  Complaint Filed: December 9, 2005
18  SHARROCK, AND DOES 6-100, Inclusive       )  Trial Date:
                                              )
19         Defendants.                        )
                                              )
20  _____ )

21
         It is stipulated by and between the parties through their respective counsel and ordered by
22
   the Court that the County of Merced may release to counsel in this case, all photographs taken by
23
   or at the direction of Dr. Stephen Avalos, Pathology Associates, in connection with the death of
24
   James Wathan, Jr., including but not limited to, the scene of the incident and autopsy photographs.
25
   Based on the foregoing, IT IS HEREBY STIPULATED:
26
         1.      The subject documents are to be designated as "Confidential Material." Such
27
   designations shall be made by stamping or otherwise marking the material prior to use in this
28
   litigation, as follows: "Confidential material subject to protective order."

_____
Stip. Order for Autopsy Photos

     2.     The "Confidential Material" shall be used solely in connection with this litigation in the preparation and trial of this case, or any related proceeding, and not for any other purpose or in any other litigation.

     3.     The "Confidential Material" may be disclosed only to the following persons:

     a) counsel for any party to this action;

     b) paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in (a), including stenographic deposition reporters retained in connection with this action;

     c) court personnel including stenographic reporters engaged in proceedings as are necessarily incidental to preparation for the trial of this action;

     d) any outside expert or consultant retained in connection with this action and not otherwise employed by either party;

     e) any in-house expert designated by defendants to testify at trial in this matter;

     f) witnesses may have the documents disclosed to them during deposition proceedings, arbitration and/or trial, only; the witnesses may not leave the deposition, arbitration or trial with copies of the documents, and shall be bound by the provisions of paragraph 4;

     g) the finder of fact at the time of trial subject to the court's rulings on in limine motions and objections of counsel.

     4.     Each person to whom disclosure is made with the exception of counsel who are presumed to know of the contents of this protective order shall, prior to the time of disclosure, be provided by the person furnishing him/her such material, a copy of this order, and shall agree on the record or in writing that he/she has read the protective order and that he/she understands the provisions of the protective order.  Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to enforcement of this order, including without limitation, any proceeding for contempt. Provisions of this order insofar as they restrict disclosure and use of the material shall be in effect until further order of this Court.

     5.     Any document filed with the Court that reveals confidential material shall be filed

under sealed label with a cover sheet as follows: "This document is subject to a protective order issued by the Court and may not be copied or examined except in compliance with that order." Such documents shall be kept by the Court under seal and made available only to the Court or counsel.

6. At the conclusion of this litigation, all confidential material received under the provisions of this order, including copies made, shall be destroyed. The conclusion of litigation means the termination of the case following applicable post-trial motions, appeal and/or retrial.

**IT IS SO AGREED.**

|  |  |
|---|---|
|  | THE PACIFIC LAW CENTER |
| Dated: January 25, 2007 | By:   /s/   John V. Bell |
|  | John V. Bell |
|  | Attorney for Plaintiffs |

**IT IS SO AGREED.**

|  |  |
|---|---|
| Dated: January 25, 2007 | WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP |
|  | By:   /s/   James J. Arendt |
|  | James J. Arendt |
|  | Attorneys for Defendants |

**IT IS SO ORDERED**

With the exception of paragraph 5, local rule require an order of Court before the filing of any documents under seal. The party offering the documents must apply to the Court for an Order permitting the filing of documents under seal.

Dated: April 19, 2007

/s/ *Dennis L. Beck*
Hon. Dennis L. Beck
United States Magistrate Judge