**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HELEN WATHAN, JAMES F. WATHAN, and as surviving heirs of JAMES WATHAN, JR., deceased,<br><br>Plaintiffs,<br><br>v.<br><br>MERCED COUNTY SHERIFF, MARK N. PAZIN, MERCED COUNTY DEPUTY SHERIFFS WILLIAM BLAKE, JOHN McKNIGHT, and RUSS SHARROCK, AND DOES 6-100, Inclusive,<br><br>Defendants. | CV F 05-1609 AWI DLB<br><br>MEMORANDUM OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION<br><br>Document # 61 |

This is an action for damages arising out of the death of decedent James Wathan, Jr. ("Decedent") after members of Merced County Sheriff's Department restrained him following a request to remove him from a residence. Plaintiffs Helen, and James F. Wathan, surviving heirs of Decedent, allege two claims for relief; the first for violation of Decedent's Eighth and Fourteenth Amendment rights in violation of 42 U.S.C., section 1983, and the second for common law negligence. In the instant motion, defendants Mark N. Pazin ("Pazin") and William Blake ("Blake") move for summary judgment or summary adjudication as to themselves only.

Federal question jurisdiction exists pursuant to 28 U.S.C., section 1331.  Venue is proper in this court.

## PROCEDURAL HISTORY

Plaintiffs filed their complaint on December 9, 2005.  Defendants filed a motion to dismiss as sanction for failure to comply with discovery orders pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure on October 31, 2006.  That motion to dismiss was denied on February 28, 2007.  Plaintiffs moved for leave to amend the complaint on April 5, 2007.  Decision on the motion to amend is pending as of the date of this filing.  The instant motion for summary judgment was filed on April 27, 2007.  Plaintiffs filed their opposition on May 17, 2007.  Defendants' reply was filed on May 25, 2007.

## UNDISPUTED MATERIAL FACTS

Defendants have submitted the following proposed material facts that Plaintiffs do not dispute.

At approximately 8:00 to 8:30 p.m., on April 3, 2005, Plaintiff James Wathan called the Merced County Sheriff's Department for assistance because his son, James Wathan, Jr., had come into Plaintiff's house and refused to leave.  James Wathan called the Sheriff's department because he did not think that he was going to be able to get Decedent out of the house.  James Wathan also formed the impression that Decedent had been drinking and James Wathan considered the possibility that Decedent had been using drugs.

Defendants Hays, McKnight and Sharrock, all employed as deputy sheriffs with the Merced County Sheriff's Department, responded to Plaintiffs' residence as a result of James Wathan's call.  While in route, dispatch advised that there were active warrants for Decedent's arrest.  After arriving at Plaintiff's residence and making contact with James Wathan, the Defendant deputies attempted to place Decedent into custody.  There ensued a physical confrontation between Defendant deputies and Decedent.  During the confrontation, Livingston Police Officer Anthony Crain arrived and assisted the Defendant deputies.  At

sometime after Officer Crain arrived, the defendant deputies realized Decedent was no longer breathing. Decedent ultimately expired at the scene.

Plaintiffs allege that, during efforts to restrain Decedent, Defendant deputies deployed pepper spray, and used various choke holds and arm restraint tactics. Plaintiffs also allege Decedent was struck several times with batons and was jolted several times by Deputies' TASER guns. Plaintiffs allege Decedent died as a result of these restraint procedures used by Defendant deputies.

Defendants Pazin and Blake allege, and Plaintiffs do not dispute, that the following facts apply to them:

At no time during the Defendant deputies' confrontation with Decedent was Defendant Pazin or Blake present at Plaintiffs' house. Neither Defendant Pazin or Blake had any contact with the Defendant deputies while they were at the scene prior to Decedent expiring. Neither Defendant Pazin or Blake had any notice of the incident that is the subject of this action until after Decedent had expired.

## LEGAL STANDARD

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Poller v. Columbia Broadcast System, 368 U.S. 464, 467 (1962); Jung v. FMC Corp., 755 F.2d 708, 710 (9th Cir. 1985); Loehr v. Ventura County Community College Dist., 743 F.2d 1310, 1313 (9th Cir. 1984).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the moving party has the burden of proof at trial, that party must carry its initial burden at summary judgment by presenting evidence affirmatively showing, for all essential elements of its case, that no reasonable jury

could find for the non-moving party.  <u>United States v. Four Parcels of Real Property</u>, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc); <u>Calderone v. United States</u>, 799 F.2d 254, 259 (6th Cir. 1986); see also <u>E.E.O.C. v. Union Independiente De La Autoridad De Acueductos Y Alcantarillados De Puerto Rico</u>, 279 F.3d 49, 55 (1st Cir. 2002) (stating that if "party moving for summary judgment bears the burden of proof on an issue, he cannot prevail unless the evidence that he provides on that issue is conclusive.")

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986); <u>First Nat'l Bank of Arizona v. Cities Serv. Co.</u>, 391 U.S. 253, 288-89 (1968); <u>Ruffin v. County of Los Angeles</u>, 607 F.2d 1276, 1280 (9th Cir. 1979).  In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the mere allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists.  Rule 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11; <u>First Nat'l Bank</u>, 391 U.S. at 289; <u>Strong v. France</u>, 474 F.2d 747, 749 (9th Cir. 1973).  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, <u>Anderson</u>, 477 U.S. 248-49; <u>Wool v. Tandem Computers, Inc.</u>, 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." <u>First Nat'l Bank</u>, 391 U.S. at 290; <u>T.W. Elec. Serv.</u>, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the

4

proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1405 (9th Cir. 1985).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Rule 56(c); Poller, 368 U.S. at 468; SEC v. Seaboard Corp., 677 F.2d 1301, 1305-06 (9th Cir. 1982). The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, Matsushita, 475 U.S. at 587 (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)(per curiam); Abramson v. University of Hawaii, 594 F.2d 202, 208 (9th Cir. 1979). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).

**DISCUSSION**

As an initial matter, the court notes that it is called upon in this instance to focus very narrowly on the issue of the liability of individual defendants Pazin and Blake without consideration of the sufficiency of the complaint with respect to claims against any other defendants. Thus, for example, because the court need only decide whether Pazin and Blake can be held liable under 42 U.S.C., section 1983[1] on a theory of respondeat superior, the court need not make any decision on the validity of Plaintiffs' claim of violation of Decedent's rights under the Eighth Amendment, which is inapplicable to allegations of excessive force against a detainee. See Lee v. City of Los Angeles, 250 F.3d 668, 686 (9 Cir. 2001) (Eighth Amendment's prohibition of cruel and unusual punishment applies only after conviction and sentence). Likewise, because the motion for summary judgment only asks the court to decide

---

[1]  Hereinafter "section 1983."

whether Pazin and Blake are parties against whom negligence can be alleged on the basis of respondeat superior, the court need not decide whether Plaintiff's claims for negligence are properly plead in light of California's Tort Claims Act. The court draws this to the parties,' and in particular Plaintiffs,' attention merely to avoid any future confusion as to the effect of this decision on the validity or invalidity of any claims against remaining Defendants.

**I. Liability Against Pazin and Blake For Violation of Constitutional Rights**

Plaintiffs' complaint and proposed amended complaint do not allege a legal basis for their claim for relief for violation of Decedent's rights under the United States Constitution within the body of the complaint. The jurisdictional statement for both the complaint and the proposed amended complaint points to 42 U.S.C., section 1982 as the source of federal question jurisdiction. Section 1982 confers rights to all citizens to own property to the same extent a state may grant rights to its white citizens to own property. Section 1982 has no apparent connection to this case. The title of the complaint indicates this action is a civil rights complaint pursuant to 42 U.S.C., sections 1983 and 1985. Since there is no allegation of conspiracy anywhere in the complaint, the court will assume for purposes of this discussion that Plaintiff's first claim for relief is pursuant to 42 U.S.C., section 1983.

With respect to both Blake and Pazin, the complaint alleges only that these Defendants "acted under color of state law" and were "responsible for setting and enforcing the policies and procedures for the supervision, care, custody and control of suspects and arrestees" such as Decedent. Neither the complaint nor the proposed amended complaint allege any participation of Pazin or Blake in the events causing Decedent's injuries. Plaintiffs admit to Defendants' proffered undisputed material fact alleging Pazin or Blake were not present when Decedent's injuries were incurred, and had no notice of the incident until the following day, after Decedent had expired.

Defendants contend, and the court agrees, that the only conceivable basis upon which Plaintiffs could allege liability against Pazin and Blake for violation of Decedent's constitutional rights is to allege liability on a theory of respondeat superior. As Defendants

correctly point out, "[t]here is no respondeat superior liability under section 1983." Taylor v. List, 880 F.,2d 1040, 1045 (9th Cir. 1989).  To the extent Plaintiffs might be attempting to allege liability pursuant to Monell v. New York City Dep't Soc. Servs., 436 U.S. 658 (1978), such an attempt must fail because Monell provides that *entity* liability may be found only where the entity's acts or policies are the source of the constitutional injury.  Pembaur v. City of Cincinnati, 475 U.S. 469, 479-480 (1986).  Here, any attempt by Plaintiffs to establish liability against Pazin or Blake on the basis of Monell must fail; first, because there is no entity defendant in this case, and second, because there is no allegation of establishment of any policy or practice that directly resulted in any constitutional injury.

Plaintiffs did not respond to Defendants motion for summary judgment as to the first claim for relief, stating only that Plaintiffs are not in a position to meaningfully respond at the present time and that they request that they be allowed to respond following the Magistrate Judge's decision on their motion to amend the complaint.  The court will decline to delay decision on Defendants' motion because the court cannot conceive of any legal theory under which Plaintiffs could successfully allege liability against Pazin and Blake under section 1983, given the established fact that these Defendants had no participatory role in the alleged constitutional violation.  Defendants' motion for summary judgment as to Pazin and Blake will therefore be granted as to Plaintiffs' first claim for relief.

**II. Negligence**

As with Plaintiffs' first claim for relief, the second claim for relief fails to provide any legal basis for liability on a theory of negligence as to Pazin and Blake.  Plaintiffs' opposition to Defendants' motion to dismiss contends that the "negligence of the Defendant deputies [at the scene; i.e. those deputies other than Pazin and Blake] can be imputed to their superiors Pazin and Blake and to the County of Merced."  Doc. # 66 at 3:3-4.  Plaintiffs cite Munoz v. City of Union City, 120 Cal.App.4th 1077 (2004), to support the proposition that a superior officer can be found vicariously liable of the tortious acts of an officer under his or her command.

Plaintiffs contention is undercut by the very portion of the case they cite: "*Public entities* are liable for the negligent acts or omissions of their employees acting whin the scope of their employment except where either the employee or the public entity is immunized from liability by statute."  Doc. 66 at 3:5-7 (quoting Munoz, 120 Cal.App.4th at 1093) (emphasis added).  Munoz, as well as all authority the court has found supports only the proposition that where there is a negligence claim against a police officer, a governmental *entity* can be held vicariously liable for the officer's tortious conduct.  See, e.g., Mary M. v. City of Los Angeles, 54 Cal.3d 202, 215-216 (1991).  Plaintiffs have not sued any entity.  Pazin and Blake are sued as individuals employed by the County of Merced and acting "under color of law."  The entities County of Merced or Merced County Sheriff's Department are not named in this suit.

Plaintiffs have not cited, and the court can find no authority for the proposition that a supervising employee of a governmental entity may be held vicariously liable for acts of a supervisee where the supervising employee had no direct role in the causation of harm.  It is unlikely that both Plaintiffs and the court have overlooked any such authority since the policy underpinning vicarious liability for governmental entities is to "ensure that victims of police misconduct are compensated." Id. at 216.  Ability to pay the damages occasioned by police misconduct lies with the municipal entities, not with individual employees.  It would make little sense to hold supervising employees vicariously liable for the acts of their subordinates, since to do so would do little to ensure compensation for victims of police misconduct and would do much to discourage qualified persons from placing themselves at risk for such massive liability.

The court finds Plaintiffs have failed to allege any basis for liability for negligence against Pazin or Blake.

THEREFORE, it is hereby ORDERED that Defendants' motions for summary judgment as to Defendants Pazin and Blake are hereby GRANTED.

IT IS SO ORDERED.

**Dated:   June 7, 2007**                              /s/ **Anthony W. Ishii**
                                                              UNITED STATES DISTRICT JUDGE