# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HELEN WATHAN, et al., | ) | 1:05cv1609 AWI DLB |
| | ) | |
| Plaintiffs, | ) | ORDER DENYING PLAINTIFFS' MOTION TO STAY ACTION |
| v. | ) | (Document 81) |
| MERCED COUNTY SHERIFF MARK N. PAZIN, et al., | ) | |
| Defendants. | ) | |

Plaintiffs Helen Wathan and James F. Wathan, individually and as surviving heirs of James Wathan, Jr. ("Plaintiffs"), filed the instant motion to stay this action on September 24, 2007. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 78-230(h).

## BACKGROUND

***Wathan I***

Plaintiffs filed the instant civil rights action on December 9, 2005 ("*Wathan I*"). They alleged that Defendants Merced County Sheriff Mark N. Pazin, Merced County Deputy Sheriff William Blake, Deputy John McKnight and Deputy Russ Sharrock ("Defendants") violated Decedent's Eighth Amendment rights by using excessive, unreasonable and lethal force when

1  Decedent failed to comply quickly enough with Defendants' orders on the night of April 3, 2005.
2  Plaintiffs also allege a state law cause of action for negligence.
3      Defendants answered the complaint on March 16, 2006.
4      On April 5, 2007, Plaintiffs filed a motion to amend the complaint.  Characterizing the
5  proposed amendment as "routine," Plaintiffs moved to include the Fourteenth Amendment as the
6  basis of Decedent's due process rights.  The current complaint alleges a violation of Decedent's
7  Eighth Amendment rights.  On April 24, 2007, Plaintiffs filed a motion to modify the scheduling
8  conference order to allow for additional discovery.  These motions were heard on May 25, 2007,
9  and the Court ordered both motions off calendar and subject to re-notice.
10     Defendants filed a motion for summary judgment on April 27, 2007, contending that
11 Defendants Pazin and Blake did not participate in any manner in the subject incident.  The Court
12 granted the motion on June 8, 2007.
13     The pretrial and trial dates were vacated on April 30, 2007, and have not been
14 rescheduled.
15     On June 21, 2007, Plaintiffs filed a first amended complaint that was subsequently
16 stricken by Court order dated September 19, 2007, because Plaintiffs failed to obtain leave of
17 court or a stipulation.
18     Plaintiffs filed the instant motion to stay *Wathan I* on September 24, 2007.
19     Defendants opposed the motion on October 15, 2007.
20 ***Wathan II***
21     Defendants removed 1:07cv874 AWI DLB ("*Wathan II*") from the Merced County
22 Superior Court on June 18, 2007.  The complaint contained causes of action for negligence,
23 violations of the Fourteenth Amendment, and failure to properly train and supervise.  Plaintiffs
24 filed a first amended complaint on June 26, 2007.  The first amended complaint deleted the
25 federal cause of action.
26     On June 29, 2007, Defendants filed a motion to dismiss *Wathan II* as duplicative of
27 *Wathan I*, or stay the action pending resolution of *Wathan I*.  In the alternative, Defendants
28 moved to dismiss the first amended complaint as time barred.

On July 10, 2007, Plaintiffs filed a motion to remand *Wathan II* based on the deletion of the federal claim. Also on July 10, 2007, the Court related *Wathan I* and *Wathan II*.

A hearing was held on September 10, 2007, on both motions. The Court invited further briefing and set a hearing for further argument for October 9, 2007. On October 5, 2007, the Court vacated the further hearing date and took the motions under submission.

## DISCUSSION

A. <u>Legal Standard</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. [....] [T]he supplicant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." <u>Landis v. North American Co.</u>, 299 U.S. 248, 254-255 (1936). A stay of proceedings is appropriate under <u>Landis</u> if (1) the decision in the pending case or cases will settle or simplify some, but not necessarily all, issues of law or fact in the case being stayed, <u>id.</u> at 256, and (2) the stay is reasonable in duration. <u>Id.</u> at 257. More recently, the Ninth Circuit has restated the considerations appropriate to the decision to grant or not grant a stay pursuant to <u>Landis</u>:

> Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed. Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

<u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir.2005).

B. <u>Analysis</u>

Plaintiffs move for a temporary stay of *Wathan I* because they intend to dismiss it provided that the Court remands *Wathan II* back to state court. Plaintiffs do not want to dismiss *Wathan I* until after *Wathan II* has "survived anticipated dispositive motions." Motion, at 1. Plaintiffs argue that proceeding with *Wathan I* will only waste resources of the parties and the

1 Court.  Plaintiffs state that they attempted to confer with Defendants on September 10, 2007, on
2 the issue of proceeding with *Wathan II* in state court, but were unable to reach a resolution.
3       After reviewing the parties' arguments, the Court finds that no good cause does exists to
4 stay *Wathan I*.  First, *Wathan I* is obviously the older of the two cases and has been pending now
5 for almost two years.  Discovery is complete.  In fact, pursuant to the April 30, 2007, order, the
6 pretrial and trial dates have been vacated and have not yet been rescheduled, leaving no
7 upcoming dates to stay.[1]  Second, and more importantly, it appears that *Wathan II* is nothing
8 more than an attempt to avoid a prior, unfavorable ruling in *Wathan I*.  Accordingly, neither
9 justice nor judicial economy will be served by staying the instant action.  Plaintiffs' motion to
10 stay is therefore DENIED.

12    IT IS SO ORDERED.
13     Dated:   **November 5, 2007**                **/s/ Dennis L. Beck**
                                                         UNITED STATES MAGISTRATE JUDGE

---

[1] The Court will issue a further scheduling order, if necessary, after a decision on the pending motions in *Wathan II*.