# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HELEN WATHAN, et al., | ) | 1:05cv1609 AWI DLB |
| | ) | |
| Plaintiffs, | ) | ORDER GRANTING DEFENDANTS' MOTION FOR SANCTIONS |
| v. | ) | (Document 65) |
| MERCED COUNTY SHERIFF MARK N. PAZIN, et al., | ) | |
| Defendants. | ) | |

On May 11, 2007, Defendants Sheriff Mark Pazin, Undersheriff William Blake, and Deputies Doug Hays, Jon McNight and Russ Sharrock filed the instant motion for an award of monetary sanctions pursuant to Federal Rule of Civil Procedure 11. The motion was heard on June 15, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. James Arendt appeared on behalf of Defendants. Martin Schmidt appeared on behalf of Plaintiffs Helen and James Wathan ("Plaintiffs").[1]

## **BACKGROUND**

As the parties are well aware, this action has a long and somewhat tortured procedural history, all of which the Court will not repeat here. The instant motion is based on Plaintiffs' refusal to dismiss Defendants Pazin and Blake, which forced Defendants to file a motion for

---

[1] On May 7, 2008, Plaintiffs filed a notice of association of counsel indicating that James D. Hoey, III, would be associating in as counsel for Plaintiffs. Mr Hoey has made a majority of appearances on behalf of Plaintiffs since that date.

1

summary judgment. Defendants characterize the refusal as frivolous and lacking factual support in light of pleadings and facts as they existed at that time.

Defendants first requested that Plaintiffs dismiss Pazin and Blake by way of a January 31, 2007, letter to John Bell of the Pacific Law Center, Plaintiffs' counsel at that time. Declaration of James Arendt ("Arendt Dec."), ¶ 3. Mr. Arendt explained that there were no alleged theories of liability that would keep these Defendants in the action and provided a proposed stipulated dismissal and proposed order. Mr. Arendt also warned that if Defendants were required to file a motion for summary judgment on behalf of Defendants Pazin and Blake, Defendants would request an award of attorney's fees under Federal Rule of Civil Procedure 11. Arendt Dec., ¶ 3.

On February 2, 2007, Mr. Bell set a letter to Mr. Arendt indicating that he needed to review depositions transcripts and further indicating that the individual defendants were liable under Monell, though no Monell allegations were included in the complaint. Arendt Dec., ¶ 4.

Mr. Arendt sent Mr. Bell a second, more detailed letter on April 5, 2007, again requesting dismissal of Pazin and Blake. Arendt Dec., ¶ 5. Mr. Bell was again informed that Defendants would seek attorney's fees under Rule 11 if he did not agree to dismissal.

Also on April 5, 2007, Plaintiffs filed a motion for leave to file an amended complaint to add a cause of action for violation of their Fourteenth Amendment rights.

On April 6, 2007, after receiving Plaintiffs' motion, Mr. Arendt sent Mr. Bell another letter indicating that the proposed amendments did not cure the deficiencies and asking that Mr. Bell advise no later than 4:30 p.m. on April 6, 2007, as to whether they were agreeable to dismissing these Defendants. Arendt Dec., ¶ 7. As of the filing of this motion on May 11, 2007, Defendants had not received a response.

In the meantime, on April 23, 2007, Plaintiffs filed a notice of change of attorney indicating that Martin Schmidt of the Pacific Law Center would now be representing Plaintiffs.

On April 27, 2007, Defendants Pazin and Blake filed a motion for summary judgment seeking judgment in their favor. Mr. Schmidt opposed the motion on May 17, 2007.

On June 8, 2007, the Court granted Defendants' motion and entered judgment in favor of Pazin and Blake. The Court found that Plaintiffs failed to allege any basis for liability or negligence against Pazin or Blake.

**DISCUSSION**

Pursuant to the Federal Rule of Civil Procedure 11, "by presenting to the court a pleading . . . a party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." Fed. R. Civ. P. 11(b)(2). A court may, on its on initiative, enter an order describing specific conduct that appears to violate subdivision (b) and directing a party to show cause why it has not violated subdivision (b) with respect thereto. Fed. R. Civ. P. 11(c)(1)(B). If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may impose appropriate sanctions upon parties that have violated subdivision (b). Fed. R. Civ. P. 11(b). Rule 11 authorizes the imposition of both monetary and nonmonetary sanctions, including the striking of individual claims or defenses that are deemed frivolous. Fed. R. Civ. P. 11(c)(2).

Based on this Court's finding on summary judgment, the Court agrees that sanctions are warranted under Rule 11. Pursuant to the Court's direction, Defendants filed a declaration on June 25, 2007, setting forth the time spent in connection with defending Pazin and Blake after Mr. Arendt's January 31, 2007, letter. Taking into account the 21 day safe-harbor period, the Court will examine time spent after February 21, 2007. Fed.R. Civ.P. 11(c)(2).

Defendants' declaration shows that counsel spent a total of 33.7 hours since February 21, 2007, in defending Pazin and Blake, including time spent in preparation of this Rule 11 motion. Defendants request a reasonable hourly rate of $160.00, for a total award of $5,392.00.

At the hearing, Mr. Schmidt expressed his concern with an award of sanctions against him based on work previously performed by Mr. Bell. While the Court understands that Mr. Schmidt substituted into an action where Mr. Bell had set the course for this request for sanctions, Mr. Schmidt continued to press the claims against Pazin and Blake by, at the very

3

1 least, filing an opposition to Defendants' motion for summary judgment. The sanctions will
2 therefore be imposed against both Mr. Bell and Mr. Schmidt, of the Pacific Law Center.
3 However, in an attempt to attribute sanctions based on the timing of Mr. Schmidt's substitution
4 on April 23, 2007, the Court notes that of the total 33.7 hours spent, 13.8 hours were spent during
5 Mr. Bell's representation and 19.9 hours were spent during Mr. Schmidt's representation.

Accordingly, the Court GRANTS Defendants' motion for Rule 11 sanctions in the amount of $5,392.00. The sanctions are imposed against Pacific Law Center, Mr. Bell and/or Mr. Schmidt, jointly and severally, and are payable within sixty (60) days of the date of service of this order.

In addition to the parties receiving notice pursuant to CM/ECF, the Clerk of the Court is ordered to serve this order on the following:

Pacific Law Center
4225 Executive Square
La Jolla, California, 92037

John Bell
Bisnar/Chase
1301 Dove St Ste 120
Newport Beach, California 92660

IT IS SO ORDERED.

Dated:   **May 18, 2009**                              **/s/ Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE