1

2          **IN THE UNITED STATES DISTRICT COURT**

3          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

4

5   HELEN WATHAN, JAMES F. WATHAN,          CASE NO. CV F 05-1609 LJO DLB
    and as surviving heirs of JAMES
6   WATHAN, JR., deceased.                  **ORDER ON MOTIONS IN LIMINE**

7                       Plaintiff,
              vs.
8
    MERCED COUNTY SHERIFF,
9   MARK N. PAZIN, MERCED COUNTY
    DEPUTY SHERIFF WILLIAM BLAKE,
10  DEPUTY JOHN MCKNIGHT, AND
    DEPUTY RUSS SHARROCK, DOUGLAS
11  E. FREEMAN, et al.,

12                      Defendants.
                                        /
13

14          This Court conducted a hearing on defendants' motions in limine on May 26, 2009 at 8:00 a.m.

15  in Courtroom 4 (LJO). Plaintiffs appeared by telephone by counsel James Hoey. Defendants appeared

16  by telephone by counsel James Ardent.

17          The Court read and reviewed plaintiffs' and defendants' motions in limine and oppositions,

18  including the supporting documents. The Court further considered the arguments of counsel on the

19  record and the documents submitted after the hearing. The Court ruled from the bench on most of the

20  motions and incorporates those rulings herein. For the reasons described on the record and in this order,

21  the Court issues the following written order on the defendants' motions in limine.

22  **1.      Motion to preclude evidence not produced in discovery**

23          The Court GRANTS this motion pursuant to the parties' stipulation.

24  **2.      Motion to preclude plaintiffs' experts from testifying as to certain issues**

25          a.      Factual determinations. The expert may make assumptions, voice the assumptions and

26                  give opinions. Therefore, the motion is DENIED.

27          b.      Credibility of witnesses. The expert may make assumptions, voice the assumptions and

28                  give opinions. Therefore, the motion is DENIED.

1       c.     Past experiences. For the reasons stated on the record, the motion is DENIED.

2       d.     Claims of success. For the reasons stated on the record, the motion is GRANTED.

**3. Preclude improper comments regarding damages**

The Court GRANTS this motion pursuant to the parties' stipulation.

**4. Preclude evidence of liability insurance**

The Court GRANTS this motion pursuant to the parties' stipulation.

**5. Preclude evidence regarding indemnification of defendants**

The Court GRANTS this motion pursuant to the parties' stipulation.

**6. Preclude testimony that a lesser amount of force or voice commands would have been effective**

The parties provided excerpts of the deposition transcript of plaintiff's designated expert, Dr. Ron Martinelli. Defendants seek to exclude Dr. Martinelli from testifying that the defendant deputies should have spent more time speaking with James Wathan, Jr. before attempting to place him into custody and that they should have used a lesser amount of force.

The motion is DENIED. The relevant legal inquiry is whether the officers acted reasonably, not whether they had less intrusive alternatives available to them that may or may not have been effective. Dr. Martinelli testified in his deposition as to reasonableness of the methods or procedures. Therefore, the motion to preclude the subject matter is DENIED.

**7. Exclude nonparty witnesses**

The Court GRANTS this motion pursuant to the parties' stipulation.

**8. Preclude experts from rendering opinions in areas where they lack expertise**

The Court GRANTS this motion pursuant to the parties' stipulation.

**9. Preclude experts from testifying as to legal conclusions**

As explained on the record, the motion is DENIED as to testimony on excessive force or unreasonable force. The motion is GRANTED as to testifying whether the actions were negligent.

**10. Preclude testimony referencing alleged inadequate training**

Testimony may be introduced as to the training the officers received. However, the motion is

2

1  GRANTED as to whether the officers were "inadequately trained" because adequacy of the training is

2  irrelevant to the claims.

3  **11.    Preclude admission of certain photographs**

4      The Court defers ruling on the motion until the first day of trial on June 1, 2009 at 8:30.

5  **12.    Preclude evidence of plaintiffs' move to Texas**

6      The Court GRANTS this motion pursuant to the parties' stipulation.

7  **13.    Preclude evidence regarding a confrontation between Deborah Baucom and the Deputies**

8      The Court GRANTS this motion pursuant to the parties' stipulation.

9  **14.    Preclude evidence of other lawsuits against the defendant deputies**

10      The motion is GRANTED pursuant to Fed.R.Evid. 403 weighing and balancing because of the

11  undue consumption of time necessary to adequately inform the jury of the circumstances of any other

12  case (i.e., "try" the case) in which the deputies are named.

13  **15.    Preclude evidence regarding decedent's relationship with his family**

14      The motion is GRANTED as to issues of grief suffered by the parents or nieces and nephews.

15  The motion is otherwise DENIED as to the relationship observed by the plaintiffs.

16  **16.    Preclude wrongful death damages**

17      a.    Evidence of plaintiffs' mental and emotional state. The Court GRANTS this motion

18          pursuant to the parties' stipulation.

19      b.    Evidence of plaintiffs' work history. The Court GRANTS this motion pursuant to the

20          parties' stipulation.

21      c.    Evidence of plaintiffs' medical treatment. The Court GRANTS this motion pursuant to

22          the parties' stipulation.

23      d.    Evidence of decedent's rental and grocery payments. The Court defers ruling on ths

24          motion until the first day of trial on June 1, 2009 at 8:30.

25  IT IS SO ORDERED.

26  **Dated:    May 26, 2009**                    **/s/ Lawrence J. O'Neill**
                                      UNITED STATES DISTRICT JUDGE

27

28